IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | |
|---|---|
| BRENDA DANIEL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. |
| v. | ) |
| | ) |
| LVNV FUNDING, LLC and | ) |
| BLATT, HASENMILLER, LEIBSKER | ) |
| & MOORE, LLC, | ) |
| | ) JURY DEMANDED |
| Defendants. | ) |

## COMPLAINT

Plaintiff Brenda Daniel files this complaint against Defendants LVNV Funding, LLC ("LVNV") and Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt, Hasenmiller") for their violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), in repeated collection efforts on an alleged debt that was not hers.

### *Parties*

1. Plaintiff is a citizen of the State of Illinois who resides within this district at 9133 South Cottage Grove Avenue in Chicago.

2. Plaintiff is a "consumer," as that term is defined by § 1692a(3) of the FDCPA, in that the alleged debt Defendants sought to collect from her is a consumer credit card debt, allegedly owed to LVNV as successor in interest to Credit One Bank, N.A.

3. Defendant LVNV is a Delaware corporation, with a principal office in Las Vegas, Nevada, and a registered agent located in Springfield, Illinois.

1

4. According to its website at www.lvnvfunding.com, "LVNV Funding LLC, ("LVNV") purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers."

5. LVNV is therefore a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

6. LVNV regularly attempts to collect debts from consumers through the filing of lawsuits in, among other jurisdictions, Cook County, Illinois.

7. Defendant Blatt Hasenmiller is an Illinois corporation with principal offices located in this district.

8. Blatt, Hasenmiller is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Blatt, Hasenmiller is therefore a "debt collector" as that term is defined by § 1692a(6) of the FDCPA.

*Jurisdiction and Venue*

10. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) since Defendants conduct business here through the collection of debts and the activities giving rise to Plaintiff's cause of action occurred in this district.

*Factual Allegations Common to All Counts*

12. Plaintiff Brenda Daniel is a current customer in good standing with Credit One. Her Credit One account ends in the last 4 digits 9784.

13. According to Plaintiff's consumer credit report, Plaintiff opened her Credit One account on October 26, 2011 and "pays as agreed."

14. However, Blatt, Hasenmiller filed a collection lawsuit (Case No. 14 M1 105316) against Plaintiff, on behalf of its client LVNV Funding, claiming that Plaintiff was delinquent on a Credit One account, last 4 digits 3943.

15. On or about April 17, 2014, Defendants served Plaintiff with a copy of the collection lawsuit at her home at 9133 South Cottage Grove Avenue.

16. On or about April 28, 2014, Plaintiff was forced to go to court to file her appearance so a default judgment would not be entered in her absence.

17. On May 12, 2014, Plaintiff appeared before Judge Gorman to defend the lawsuit. She explained that this was not her debt and provided her date of birth and Social Security number to LVNV's attorney.

18. Plaintiff's date of birth and Social Security number did not match the "Brenda Daniel" that Defendants were seeking to collect from.

19. Accordingly, Judge Gorman ruled that the case should be dismissed against Plaintiff with prejudice and entered an order to that effect.

20. On or about June 18, 2014, to her shock, despair, and surprise, Plaintiff answered her door to a process server, who served her with another copy of the lawsuit in Case No. 14 M1 105316.  However, while upset, Plaintiff thought the matter was resolved so she did not return to court given the previous order of dismissal.

21. Defendants did not dismiss the matter.

22. Instead, they obtained a default against her on July 7, 2014 and entered judgment in LVNV's favor.

## COUNT I
### *Violations of the Fair Debt Collection Practices Act*
### *15 U.S.C. § 1692e*

23. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-22 as if set forth fully in this Count.

24. 15 U.S.C. § 1692e and its subsections provides, in relevant part:

*A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:*

*(2) The false representation of –*

*(A) the character, amount, or legal status of any debt;*

*(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.*

*(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.*

*(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.*

25. Defendants LVNV and Blatt, Hasenmiller violated §§ 1692e, e(2), e(5), and e(10) by, among other things, representing that Plaintiff Brenda Daniel was delinquent on a collection account, the proper plaintiff in a collection lawsuit, and owed an outstanding balance to Credit One and debt buyer LVNV.

26. Defendant LVNV also violated § 1692e(8) by communicating to a/the credit reporting bureau(s) that Plaintiff Brenda Daniel owed a debt to it.

27. On information and belief, LVNV reported Plaintiff as delinquent even after the May 12, 2014 court order was entered and it received definitive proof that Defendants had sued the wrong person through examination of her date of birth and Social Security number.

4

28. These violations of §§ 1692e and its subsections caused Plaintiff Brenda Daniel actual harm. She spent time and effort going to court, tried to resolve the situation, had to find legal counsel, and experienced stress, embarrassment, fear and despair after being repeatedly subjected to service of process and a collection lawsuit. She also now has a judgment entered against her that must be remedied.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor and against Defendants LVNV Funding, LLC and Blatt, Hasenmiller, Leibsker & Moore, LLC and award damages as follows:

(A) Actual and statutory damages under the FDCPA, 15 U.S.C. § 1692k;

(B) Attorney's fees, litigation expenses and costs incurred in bringing this action; and

(C) Any other relief this Court deems appropriate and just under the circumstances.

### COUNT II
*Violations of the Fair Debt Collection Practices Act*
*15 U.S.C. §§ 1692d and f*

29. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1-22 as if set forth fully in this Count.

30. Section 1692d of the FDCPA states, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

31. Section 1692f of the FDCPA further states, "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt."

32. By continuing to prosecute the lawsuit against Plaintiff and obtaining a judgment, even in the face of a court order dismissing the matter with prejudice and proof that the debt was

not hers, Defendants engaged in harassing conduct, as prohibited by § 1692d, and unfair and unconscionable conduct, as prohibited by § 1692f.

33. Defendant's conduct caused Plaintiff actual damages in the form of, among other items, lost time and effort dealing with court proceedings and examining her credit, meeting with attorneys, and the emotional distress associated with having a lawsuit filed against her, and a judgment entered, for a debt that was not hers.

WHEREFORE, Plaintiff asks that this Court enter judgment in her favor and against Defendants LVNV Funding, LLC and Blatt, Hasenmiller, Leibsker & Moore, LLC and award damages as follows:

    (A)    Actual and statutory damages under the FDCPA, 15 U.S.C. § 1692k;

    (B)    Attorney's fees, litigation expenses and costs incurred in bringing this action; and

    (C)    Any other relief this Court deems appropriate and just under the circumstances.

*Plaintiff Demands Trial By Jury*

Respectfully submitted,

By: /s/ Lance A. Raphael
One of Plaintiff's Attorneys

Lance A. Raphael
Stacy M. Bardo
Allison A. Krumhorn
The Consumer Advocacy Center, P.C.
180 West Washington, Suite 700
Chicago, IL 60602
(312) 782-5808

## NOTICE OF LIEN

Please be advised that, under 770 Ill. Comp. Stat. § 5/1, the Consumer Advocacy Center, P.C. claims a lien upon any recovery herein for the reasonable fees and costs expended litigating Plaintiff's claims or such an amount as the Court awards.

6

By: /s/ Lance A. Raphael
One of Plaintiff's Attorneys

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that the Defendants take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to Plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff, and any account or number or symbol relating her. These materials are likely very relevant to the litigation of this claim. If Defendants are aware of any third party that has possession, custody, or control of any such materials, Plaintiff demands that Defendants request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendants.

By: /s/ Lance A. Raphael
One of Plaintiff's Attorneys